UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

RONALD M. BAUGH,

        Plaintiff,

    v.

ERIC HOLDER, *et al*,

        Defendants.

Case No. 3-13-CV-00561-ST

**FINDINGS AND RECOMMENDATION**

**STEWART, Magistrate Judge:**

## INTRODUCTION

On April 2, 2013, defendants removed a 300+ page Complaint filed by plaintiff, Ronald M. Baugh ("Baugh"), in Multnomah County Circuit Court, Case No. 1303-03546. Pursuant to this court's Order dated January 14, 2009, in *Baugh v. Mukasey*, 3:08-CV-1453-PK, Baugh was deemed a vexatious litigant whose filings must be submitted first to Judge Brown for review. Based on her review, Judge Brown determined the Complaint was "frivolous and/or repetitive" and on May 2, 2013, directed the Clerk of Court to return the documents to Baugh, to strike all pending motions, and "to close this matter as improvidently filed" (docket #13).

Baugh then filed a Notice of Appeal (docket #16) and Motion for a Hearing (docket #17), which Judge Brown directed the Clerk to file and refer to the Ninth Circuit Court of Appeals

1 – FINDINGS AND RECOMMENDATION

(docket #14). Because Baugh failed to perfect the appeal by either filing a motion to proceed *in forma pauperis* ("IFP") or paying the docketing/filing fees, the Ninth Circuit dismissed it (docket #19).

Baugh then filed a Motion for Judicial Rulings (docket #20) objecting to the dismissal of his appeal. Lacking authority over the Ninth Circuit's decision, Judge Brown directed the Clerk to return that motion to Baugh (docket #21). Baugh filed another Notice of Appeal (docket #23) which the Ninth Circuit also dismissed for failure to file an IFP application or pay the filing fee (docket #29). Baugh then filed a motion to proceed IFP which the Ninth Circuit denied because it found the appeal to be frivolous (docket #31). On December 13, 2013, the Ninth Circuit dismissed that second appeal (docket #32).

On March 19, 2014, Baugh filed a Request for Certification and Mailing of Disposition Order (docket #33), asking that this case be remanded to state court. For the following reason, the request should be denied.

## **FINDINGS**

The procedure for handling cases that are removed from state to federal court are set forth in 28 USC § 1447. Baugh contends that it was improper for this court to dismiss his case instead of remanding it to state court, citing 28 USC § 1447(c) which provides as follows: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Baugh is correct that this case should have been remanded, rather than dismissed, if this court lacked jurisdiction over it. At one time, the Ninth Circuit held that despite the directive in 28 USC § 1447(c) that courts "shall" remand a case if subject matter jurisdiction is lacking, a case could nevertheless be dismissed when "there is absolute certainty that remand would prove

futile." *Bell v. City of Kellogg*, 922 F2d 1418, 1425 (9th Cir 1991) (citations and internal quotation marks omitted). *Bell*, although never expressly overruled, is no longer good law. A few months later, the Supreme Court overruled a decision by the Fifth Circuit dismissing, instead remanding, a case under the futility exception. *Int'l Primate Prot. League v. Adm'rs of Tule Educ. Fund*, 500 US 72, 87-89 (1991) (internal quotation marks omitted). The Ninth Circuit has since interpreted this holding to mean that "if there is no jurisdiction . . . the district court must remand the removed case rather than dismissing it." *Albignia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F3d 931, 938 (9th Cir 2003), *modified*, 350 F3d 916; *see also Bruns v. National Credit Union Admin.*, 122 F3d 1251, 1257 (9th Cir 1997) (overturning the district court's decision to dismiss claims it did not have subject-matter jurisdiction, stating that "[s]ection 1447(c) is mandatory, not discretionary").

However, this court did not lack subject matter jurisdiction over the Complaint when it was removed to this court. Baugh sued a number of federal employees and agencies, and invoked federal question jurisdiction under 28 USC § 1331, in addition to alleging violations of various statutory and constitutional rights. As stated in the Notice of Removal, the United States had a statutory right to remove this action to federal court. *See* 28 USC § 2679(d)(2). By deeming the Complaint to be frivolous or repetitive, Judge Brown dismissed it for failing to state a claim, not for lack of subject matter jurisdiction. Therefore, remand is not required under 28 USC § 1447(c), and Baugh's motion should be denied.

## RECOMMENDATION

Baugh's Request for Certification and Mailing of Disposition Order (docket #33) should be DENIED.

///

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Thursday, May 08, 2014. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

**NOTICE**

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED  April 21, 2014.

                                                  s/ Janice M. Stewart
                                                  Janice M. Stewart
                                                  United States Magistrate Judge