IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**RONALD M. BAUGH**,

    Plaintiff,

  v.

**ERIC HOLDER, et. al.**,

    Defendants.

Case No. 3:13-cv-00561-ST

**OPINION AND ORDER**

**Michael H. Simon, District Judge.**

    Before the Court is Plaintiff Ronald M. Baugh's Motion Request for an Immediate District Court Ruling on Federal Rule 60(b) Recusal Motion. For the following reasons, Plaintiff's motion is DENIED.

### STANDARDS

    Federal Rule of Civil Procedure 60(b) governs reconsideration of final orders of the district court. Rule 60(b) allows a district court to relieve a party from a final judgment or order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied ... or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). A

PAGE 1 – OPINION AND ORDER

motion under Rule 60(b) must be made within a reasonable time. Fed.R.Civ.P. 60(c). What amounts to a "reasonable time" is dependent upon the facts of the case. *See Ashford v. Stewart*, 657 F.2d 1053, 1055 (9th Cir. 1981); *In re Pac. Far E. Lines*, *Inc.,* 889 F.2d 242, 249 (9th Cir. 1989). In determining what is reasonable, courts should "tak[e] into consideration the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford*, 657 F.2d at 1055. The party making the Rule 60(b) motion bears the burden of proof. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992).

## BACKGROUND

On May 2, 2013, in accordance with the pre-filing Order in *Baugh v. Mukasey*, No. 3:08-CV-1453-PK, United States District Judge Anna Brown reviewed the Complaint filed by plaintiff Ronald Baugh in this case, determined that it was "frivolous and/or repetitive" and directed the Clerk of Court "to close this matter as improvidently filed" (Dkt. 13). After a series of appeals to the Ninth Circuit Court of Appeals, Baugh filed a Request for Certification and Mailing of Disposition Order (Dkt. 33), asking this court to remand this case to state court. On July 18, 2014, this court adopted United States Magistrate Judge Stewart's Findings and Recommendations (Dkt. 36), denying that request (Dkt. 44). On August 26, 2014, Baugh filed a Motion for Post-Judgment Federal Rule 60(b) Relief (Dkt. 49). On September 18, 2014, Baugh filed a Notice of Appeal (Dkt. 57) from Judge Brown's dismissal and the July 18 Order. Because of the pending appeal, the Court denied Plaintiff's Motion for Post-Judgment Federal Rule 60(b) Relief (Dkt. 49) for lack of jurisdiction (Dkt. 58). On October 28, 2014, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction. On November 10, 2014, Baugh filed the pending motion (Dkt. 63), styled as a "Motion Request for an Immediate District Court Ruling on Federal Rule 60(b) Recusal Motion."

PAGE 2 – OPINION AND ORDER

## DISCUSSION

Plaintiff argues that, because his previous appeals have now been dismissed by the Ninth Circuit, the Court no longer lacks jurisdiction to rule on his motion for Rule 60(b)(6) relief (Dkt. 49). Assuming, *arguendo*, that the Court has jurisdiction to rule on Plaintiff's motion, the Court declines to address the merits of Plaintiff's motion because that motion was untimely filed.

Plaintiff, in a 121-page brief, argues that he is entitled to relief from the final judgment dismissing his case because Judge Brown failed to recuse herself pursuant to 28 U.S.C. 455(a) "after [Judge Brown] lost the appearance of impartiality." On May 2, 2013, in accordance with the pre-filing Order in *Baugh v. Mukasey*, No. 3:08-CV-1453-PK, Judge Brown dismissed Plaintiff's Complaint and directed the Clerk of Court to close this matter as improvidently filed. (Dkt. 13). Plaintiff, however, did not file his Motion for Rule 60(b) relief (Dkt. 49) until August 26, 2014, more than one year after Judge Brown's order. In the intervening months, Plaintiff attempted to file a series of appeals with the Ninth Circuit Court of Appeals, all of which were unsuccessful. (Dkts. 18, 19, 29, 30, 31, 32). Plaintiff also filed multiple motions and letters during this time. Accordingly, there is no excuse for Plaintiff's 15-month delay in requesting relief under Rule 60(b)(6) and the Court finds that Plaintiff's motion is untimely. *See Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009); *Million (Far E.) Ltd. v. Lincoln Provisions Inc. USA*, 581 F. App'x 679 (9th Cir. 2014) (unpublished) ("Even accounting for [defendant's] *pro se* status, the district court did not abuse its discretion in finding that the motion was untimely" because "[defendant] filed the motion almost eight months after judgment was entered").

## CONCLUSION

Plaintiff's Motion Request for an Immediate District Court Ruling on Federal Rule 60(b) Recusal Motion (Dkt. 63) is DENIED. All other pending motions and objections are DENIED as moot.

**IT IS SO ORDERED**.

DATED this 10th day of December, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 4 – OPINION AND ORDER