UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**RONALD M. BAUGH,**

   Plaintiff,

 v.

**ERIC HOLDER,** *et al*,

   Defendants.

Case No. 3-13-CV-00561-ST

**FINDINGS AND RECOMMENDATION**

**STEWART, Magistrate Judge:**

  Plaintiff, Ronald M. Baugh ("Baugh"), has filed a Federal Appellate Rule 4(a)(6) Motion to Reopen the Time to File an Appeal Notice (docket #74). For the following reasons, the motion should be denied.

## BACKGROUND

  On April 2, 2013, defendants removed a 300+ page Complaint filed by plaintiff, Ronald M. Baugh ("Baugh"), in Multnomah County Circuit Court, Case No. 1303-03546. Pursuant to this court's Order dated January 14, 2009, in *Baugh v. Mukasey*, 3:08-CV-1453-PK, Baugh was deemed a vexatious litigant whose filings must be submitted first to Judge Brown for review. On May 2, 2013, based on her review, Judge Brown determined the Complaint was "frivolous

1 – FINDINGS AND RECOMMENDATION

and/or repetitive" and directed the Clerk of Court ("Clerk") to return the documents to Baugh, to strike all pending motions, and "to close this matter as improvidently filed" (docket #13).

Baugh filed a series of appeals to the Ninth Circuit Court of Appeals (docket ##16, 23, 29), all of which were unsuccessful (dockets ##18-19, 27-28, 30-32). He then filed a Request for Certification and Mailing of Disposition Order (docket #33), asking this court to remand this case to state court. Judge Simon denied that request on July 18, 2014 (docket #47).

On August 26, 2014, about 15 months after Judge Brown's order, Baugh filed a Motion for Post-Judgment Federal Rule 60(b) Relief (docket #49) ("Rule 60(b) Motion") because Judge Brown failed to recuse herself pursuant to 28 USC § 455(a) due to lack of impartiality. Then on September 18, 2014, Baugh filed a Notice of Appeal (docket #57) from Judge Brown's May 2, 2013 dismissal Order and Judge Simon's July 18, 2014 Order.

Because of the pending appeal, Judge Simon denied plaintiff's Rule 60(b) Motion for lack of jurisdiction (docket #58). On October 28, 2014, the Ninth Circuit dismissed Baugh's appeal for lack of jurisdiction (docket #77).

On November 10, 2014, Baugh filed a Motion Request for an Immediate District Court Ruling on Federal Rule 60(b) Recusal Motion (docket #63). Because the Ninth Circuit had dismissed his previous appeals, he argued that the district court no longer lacked jurisdiction to rule on his Rule 60(b)(6) Motion. On December 10, 2014, Judge Simon entered an Opinion and Order which denied that motion and also denied as moot all other pending motions (docket #66). He explained that even if the court had jurisdiction to rule on Baugh's Rule 60(b) Motion, he declined to address the merits of that motion because it was untimely filed. Baugh did not timely file a notice of appeal from that ruling.

Baugh now seeks to reopen the time to file a Notice of Appeal from the December 10, 2014 Order.

**FINDINGS**

Federal Rule of Appellate Procedure ("FRAP") 4(a)(1) and (a)(4)(A)(vi) provide that an appeal must be filed "30 days after entry of the judgment or order appealed from" or from "entry of the order disposing of" a motion "for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered." Those deadlines have expired for Baugh to file an appeal from Judge Simon's December 10, 2014 Order. However, FRAP 4(a)(6) allows the district court to reopen the time to file an appeal for a period of 14 days if:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Baugh argues that he satisfies each of these three conditions. He was entitled to receive written notice of Judge Simon's December 10, 2014 Order. Although the court's docket states that the Clerk mailed the Order to him that day (docket #67), he asserts that he never received it in the mail.[1] Since he has no internet, credit card, or access to PACER, he periodically writes to or visits the Clerk's office in order to obtain an updated docket sheet. During his visit to the Clerk's office on April 7, 2015, he first received notice and a copy of the December 10, 2014

---

[1] Baugh states that he attached his Affidavit of Non-Receipt as Exhibit 1 to his motion. However, Exhibit 1 is the proposed Notice of Appeal (docket #74-1). He also states that the proposed Notice of Appeal is attached as Exhibit 2 to his motion, but the docket contains no Exhibit 2. This court assumes that Baugh made a simple filing error and that he has signed an Affidavit of Non-Receipt.

3 – FINDINGS AND RECOMMENDATION

Order.[2]  He then filed this motion on April 20, 2015, within 14 days after receiving notice of, and within 180 days after entry of, the December 10, 2014 Order.  He further contends that defendants will not be prejudiced by reopening the appeal period.

Assuming (without deciding) that Baugh does satisfy all three conditions of FRAP 4(a)(6), he faces an insurmountable obstacle, namely that the Rule 60(b) Motion was not timely filed in the first place.  According to FRCP 60(c)(1), a "motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Judge Simon found no excuse for his 15-month delay in filing the Rule 60(b) Motion after Judge Brown's May 2, 2013 Order.  Therefore, even if the Rule 60(b) Motion has merit, it was not timely filed and cannot be addressed on the merits.

Furthermore, even if this court reopened the time to file an appeal from the December 10, 2014 Order, the Ninth Circuit is highly unlikely to reverse Judge Simon's ruling.  "The plain language of Rule 4(a)(6) mandates that the district court retain discretion to deny an appellant's motion to reopen."  *Arai v. Am. Bryce Ranches, Inc.*, 316 F3d 1066, 1069 (9th Cir 2003) (citations omitted).  Therefore, a district court's decision whether to reopen the time to file an appeal under FRAP 4(a)(6) is reviewed for an abuse of discretion.  *Id*; *In re Stein*, 197 F3d 421, 424 (9th Cir 1999).  Given that Baugh has filed numerous notices of appeal in this case, all of which have been dismissed, any notice of appeal from the December 10, 2014 Order will no doubt meet a similar fate.

///

///

---

[2] As Baugh correctly notes, the docket entry states only that the Motion Request for an Immediate District Court Ruling (docket #63) was denied, and not that Judge Simon also ruled that his Rule 60(b) Motion was untimely filed. That ruling is found on pages 2-3 of Judge Simon's Opinion and Order.

4 – FINDINGS AND RECOMMENDATION

## RECOMMENDATION

Baugh's Federal Appellate Rule 4(a)(6) Motion to Reopen the Time to File an Appeal Notice (docket #74) should be denied.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Friday, May 22, 2015. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Federal Rules of Appellate Procedure 4(a)(1) should not be filed until entry of a judgment.

DATED May 5, 2015.

s/ Janice M. Stewart  
Janice M. Stewart  
United States Magistrate Judge